1
2
3
4

LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Telephone:  (818) 347-3333
Facsimile:   (818) 347-4118

MORALES & LEANOS
Jaime A. Leanos
jleanoslaw@pacbell.net
75 E. Santa Clara St., Suite 250
San Jose, CA 95113
Telephone: (408) 294-6800
Facsimile: (408) 294-7102

5
6

*Attorneys for Plaintiffs*

7
8

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ALMA RAMIREZ, an individual; H.A., a minor, as successor in interest to Hector Alvarez, deceased, by and through his guardian *ad litem* Alma Ramirez; L.A., a minor, as successor in interest to Hector Alvarez, deceased, by and through her guardian *ad litem* Alma Ramirez,

    Plaintiffs,

    vs.

CITY OF GILROY, ADAM MOON, and DOES 1 through 10, inclusive,

    Defendants.

Case No.:  5:17-cv-00625

1. Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983)
2. Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)
3. Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983);
4. Substantive Due Process
5. Municipal Liability – Ratification (42 U.S.C. § 1983)
6. Municipal Liability – Inadequate Training (42 U.S.C. § 1983)
7. Municipal Liability – Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)
8. False Arrest/ False Imprisonment
9. Battery
10. Negligence
11. Bane Act (Cal. Civil Code 52.1)

**DEMAND FOR JURY TRIAL**

## COMPLAINT FOR DAMAGES

Come now Plaintiffs ALMA RAMIREZ; H.A., by and through his guardian *ad litem* Alma Ramirez; and L.A., by and through her guardian *ad litem* Alma Ramirez, for their complaint against Defendants CITY OF GILROY, ADAM MOON, and DOES 1-10, inclusive, hereby allege as follows:

## PARTIES

1.    At all relevant times, Hector Alvarez, deceased ("DECEDENT"), was an individual residing in the County of Santa Clara, California.

2.    Plaintiff Alma Ramirez ("RAMIREZ") is the mother of DECEDENT.  At all relevant times, RAMIREZ resided and currently resides in the County of Santa Clara, California.  RAMIREZ sues in her individual capacity as the mother of DECEDENT.  In her individual capacity in this suit, RAMIREZ seeks wrongful death damages under state and federal law.

3.    Plaintiff H.A. is the minor son of DECEDENT.  H.A. resides in the County of Santa Clara, California.  H.A. sues by and through his guardian *ad litem*, Alma Ramirez, H.A.'s mother.  H.A. sues in his individual capacity for his own damages and for survival damages in his capacity as successor in interest to his father, DECEDENT.  H.A. seeks wrongful death and survival damages under federal and state law.

4.    Plaintiff L.A. is the minor daughter of DECEDENT.  L.A. resides in the County of Santa Clara, California.  L.A. sues by and through her guardian *ad litem*, who is her mother, Alma Ramirez.  L.A. sues in her individual capacity for her own damages and for survival damages in her capacity as successor in interest to her father, DECEDENT.  L.A. seeks wrongful death and survival damages under federal and state law.

5.      At all relevant times, Defendant CITY OF GILROY ("CITY") is and was a duly organized public entity existing under the laws of the State of California.  At all relevant times, CITY was the employer of Defendants ADAM MOON ("MOON"), an individual, and DOES 1-10.  CITY is liable for the nonfeasance and malfeasance of MOON and DOES 1-10 for Plaintiffs' state law claims pursuant to Cal. Govt. Code § 815.2(a) ("A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative.").  CITY is directly liable for Plaintiffs' claims under federal law pursuant to *Monell* and its progeny.

6.      At all relevant times, Defendant MOON was and is an officer working for the City of Gilroy Police Department.  At all relevant times, MOON was acting under color of law within the course and scope of his employment with the City of Gilroy Police Department.  At all relevant times, MOON was acting with the complete authority and ratification of his principal, Defendant CITY.

7.      At all relevant times, Defendants DOES 1-5 ("DOE OFFICERS") were police officers working for the City of Gilroy Police Department.  DOE OFFICERS were acting under color of law within the course and scope of their employment with the CITY, including the City of Gilroy Police Department.  DOE OFFICERS were acting with the complete authority and ratification of their principal, Defendant CITY.

8.      At all relevant times, Defendants DOES 6-10 ("SUPERVISORY DOES") were and are managerial, supervisorial, and policymaking employees of the City of Gilroy Police Department, who were acting under color of law within the course and scope of their employment.  SUPERVISORY DOES were acting with the complete authority and ratification of their principal, Defendant CITY.

9.      On information and belief, MOON and DOES 1-10 are residents of the CITY.

10.     In doing the acts and failing and omitting to act as hereinafter described, Defendants MOON and DOES 1-10 were acting on the implied and actual permission and consent of CITY.

11.     At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every defendant.

12.     The true names of defendants DOES 1-10, inclusive, are unknown to Plaintiffs at this time, who therefore sue these defendants by such fictitious names. Plaintiffs will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained.  Each of the fictitious named defendants is responsible in some manner for the conduct and liabilities alleged herein.

13.     On June 1, 2016 Plaintiffs filed comprehensive and timely claims for damages with the CITY pursuant to applicable sections of the California Government Code.

14.     Having received no written rejection of their claims, Plaintiffs' claims are deemed rejected by operation of law.

15.     Plaintiffs were financially dependent upon DECEDENT, to some extent, for the necessities of life.

**JURISDICTION AND VENUE**

16.     This civil action is brought for the redress of alleged deprivations of rights under the laws of the State of California and of constitutional rights protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the First, Fourth, and Fourteenth Amendments to the United States Constitution.  Jurisdiction is founded on 28 U.S.C. §§ 1331, 1334, and 1367.

17.     Venue is proper in this Court under 28 U.S.C. §1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in the County of Santa Clara, California.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

18.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 17 of this Complaint with the same force and effect as if fully set forth herein.

19.     On December 14, 2015, DECEDENT went to visit his fiancée Alma Ramirez at her apartment, located in the 6800 block of Filbro Drive in the City of Gilroy and the County of Santa Clara.  Ms. Flores had offered to lend her car to DECEDENT, and the purpose of DECEDENT's visit was to borrow Ms. Flores' car. When DECEDENT arrived at Ms. Flores' apartment, he attempted to hug Ms. Flores, and she pulled away from him and asked him to leave in a loud voice.  According to Ms. Flores, verbal argument ensued, but DECEDENT did not physically injure or attempt to injure Ms. Flores.

20.     One of Ms. Flores' neighbors overheard the argument between DECEDENT and Ms. Flores and placed a 911 call.  Defendant MOON responded to this family disturbance call at the apartment complex where Ms. Flores lived.  At the time that MOON responded, he had no information that DECEDENT had a weapon; in fact, DECEDENT was unarmed during the entirety of this incident.  When MOON arrived on scene, he observed DECEDENT walking down a flight of stairs away from Ms. Flores' apartment.  MOON commanded DECEDENT to put his hands up multiple times, and DECEDENT complied with at least one of the commands by raising his arms and hands to shoulder height.

21.     DECEDENT did not physically threaten or verbally threaten MOON. MOON never saw DECEDENT with a weapon or with anything that looked like a

weapon.  MOON never saw or heard DECEDENT injure anyone or threaten to injure anyone.

22.    MOON fired his weapon at DECEDENT four times without first issuing a warning.  This use of force was excessive and unreasonable, especially because DECEDENT posed no immediate threat of death or serious bodily injury to MOON or to anyone else.  Three of MOON's shots struck DECEDENT.  DECEDENT suffered two gunshot wounds to the chest and one gunshot wound to the left arm.  Two of MOON's bullets struck the doorframe of a first-floor apartment, and one of his bullets travelled into that apartment, demonstrating MOON's disregard for his background when shooting.

23.    After being shot, DECEDENT was immobile, bleeding profusely, and in obvious and critical need of emergency medical care and treatment.  Defendants did not timely summon medical care or permit medical personnel to treat DECEDENT immediately.  The delay of medical care to DECEDENT caused him extreme physical and emotional pain and suffering and contributed to his damages.  DECEDENT succumbed to his wounds and eventually died at the scene, losing his life and earning capacity.

24.    At the time of this incident, DECEDENT was a 19-year old father of one child, Plaintiff L.A., and was awaiting the birth of his second child, Plaintiff H.A.  Plaintiffs H.A. and L.A. are DECEDENT's successors-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and succeed to DECEDENT's interest in this action as the natural children of DECEDENT.

//
//
//
//

# FIRST CLAIM FOR RELIEF

## Fourth Amendment—Detention and Arrest (42 U.S.C. §1983)

### (By Plaintiffs A.H. and L.A. against Defendant MOON)

25.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 24 of this Complaint with the same force and effect as if fully set forth herein.

26.     The Fourth Amendment to the United States Constitution guarantees all persons the right to be free from unreasonable detention in violation of their right to privacy.   42 U.S.C. § 1983 provides a private right of action for conduct which violates this right.

27.     Defendant MOON did not observe DECEDENT commit any crime, nor did Defendant MOON have any information that DECEDENT was armed.   When MOON approached DECEDENT, DECEDENT was leaving the apartment complex.

28.     When Defendant MOON trained his gun on DECEDENT, held him at gunpoint, shot him and, on information and belief, handcuffed him, he violated DECEDENT's right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

29.     The conduct of Defendant MOON violated DECEDENT's right to be free from unreasonable search and seizure, which is guaranteed to him by the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

30.     As a result of his misconduct, Defendant MOON is liable for DECEDENT's injuries.

31.     The conduct of Defendant MOON in unreasonably detaining and arresting DECEDENT (up to and including the shooting and subsequent handcuffing) was malicious, oppressive and in reckless disregard for the rights and safety of

DECEDENT and warrants the imposition of exemplary and punitive damages as to Defendant MOON.

32.     Plaintiffs H.A. and L.A. bring this claim in each case as a successor-in-interest to the DECEDENT, and seek both survival and wrongful death damages for the violation of DECEDENT's rights.  Plaintiffs also seek funeral and burial expenses, punitive damgages, attorney's fees pursuant to 42 U.S.C. § 1988 and costs of suit.

## SECOND CLAIM FOR RELIEF

### Fourth Amendment—Excessive Force (42 U.S.C. §1983)

(By Plaintiffs H.A. and L.A. against Defendant MOON)

33.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 32 of this Complaint with the same force and effect as if fully set forth herein.

34.     Defendant MOON used excessive force against DECEDENT when he shot him multiple times without warning.  Defendant MOON's unjustified shooting deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

35.     As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity.

36.     The conduct of Defendant MOON was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT, and therefore warrants the imposition of exemplary and punitive damages as to Defendant MOON.

37.     The shooting was excessive and unreasonable, especially because DECEDENT posed no immediate threat of death or serious bodily injury at the time of

the shooting.  Further, Defendant MOON's use of deadly force violated his training and standard police officer training.

38.    Plaintiffs H.A. and L.A. bring this claim in each case as a successor-in-interest to the DECEDENT, and seek both survival and wrongful death damages for the violation of DECEDENT's rights.  Plaintiffs also seek funeral and burial expenses, punitive damgages, attorney's fees pursuant to 42 U.S.C. § 1988 and costs of suit.

### THIRD CLAIM FOR RELIEF

**Fourth Amendment—Denial of Medical Care (42 U.S.C. §1983)**

(By Plaintiffs H.A. and L.A. against Defendants ADAM MOON and DOE OFFICERS)

39.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 38 of this Complaint with the same force and effect as if fully set forth herein.

40.     The denial of medical care by Defendants MOON and DOE OFFICERS deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

41.    As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity.

42.    Defendants MOON and DOE OFFICERS knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing DECEDENT great bodily harm and death.

43.    The conduct of MOON and DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT

and therefore warrants the imposition of exemplary and punitive damages as to Defendants MOON and DOE OFFICERS.

44.    As a result of their misconduct in denying DECEDENT timely medical care, Defendants MOON and DOE OFFICERS are liable for DECEDENT's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

45.    Plaintiffs H.A. and L.A. bring this claim in each case as a successor-in-interest to the DECEDENT, and seek both survival and wrongful death damages for the violation of DECEDENT's rights.  Plaintiffs also seek funeral and burial expenses, punitive damgages, attorney's fees pursuant to 42 U.S.C. § 1988 and costs of suit.

### FOURTH CLAIM FOR RELIEF

#### Substantive Due Process (42 U.S.C. §1983)

(By all Plaintiffs against Defendant MOON)

46.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 45 of this Complaint with the same force and effect as if fully set forth herein.

47.    The substantive due process clause of the Fourteenth Amendment to the United States Constitution guarantees all persons the right to be free from unlawful state interference with their familial relations.  42 U.S.C. § 1983 provides a private right of action for conduct which violates this right.

48.    Plaintiff RAMIREZ had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiff's familial relationship with her son, DECEDENT.

49.     Plaintiff H.A. had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiff's familial relationship with his father, DECEDENT.

50.     Plaintiff L.A. had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiff's familial relationship with her father, DECEDENT.

51.     DECEDENT had had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience.

52.     The aforementioned actions of MOON, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of DECEDENT and Plaintiffs, and with purpose to harm unrelated to any legitimate law enforcement objective.

53.     As a direct and proximate result of these actions, DECEDENT experienced pain and suffering and eventually died. MOON thus violated the substantive due process rights of Plaintiffs to be free from unwarranted interference with their familial relationship with DECEDENT.

54.     As a direct and proximate cause of the acts of MOON, Plaintiffs suffered emotional distress, mental anguish, and pain.  Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, including financial support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

55.     The conduct of MOON was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to Defendant MOON.

56.     Plaintiff RAMIREZ brings this claim in her individual capacity and seeks wrongful death damages under this claim.  Plaintiffs H.A. and L.A. bring this claim in each case individually and as a successor-in-interest to the DECEDENT, and seek both survival and wrongful death damages for the violation of DECEDENT's rights.  Plaintiffs also seek funeral and burial expenses, punitive damgages, attorney's fees pursuant to 42 U.S.C. § 1988 and costs of suit.

## FIFTH CLAIM FOR RELIEF

### Municipal Liability—Ratification (42 U.S.C. §1983)

(By Plaintiffs H.A. and L.A. against Defendants CITY and SUPERVISORY DOES)

57.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 56 of this Complaint with the same force and effect as if fully set forth herein.

58.     Defendant MOON acted under color of law.

59.     The acts of Defendants MOON deprived Plaintiffs and DECEDENT of their particular rights under the United States Constitution.

60.     Upon information and belief, a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of Defendant MOON, ratified (or will ratify) Defendant MOON's acts and the bases for them.  Upon information and belief, the final policymaker knew of and specifically approved of (or will specifically approve of) the acts of Defendant MOON.

61.     Upon information and belief, a final policymaker has determined (or will determine) that the acts of Defendant MOON was "within policy."

62.     Plaintiffs H.A. and L.A. bring this claim in each case as a successor-in-interest to the DECEDENT, and seek both survival and wrongful death damages for the violation of DECEDENT's rights.  Plaintiffs also seek funeral and burial expenses, punitive damgages, attorney's fees pursuant to 42 U.S.C. § 1988 and costs of suit.

## SIXTH CLAIM FOR RELIEF

### Municipal Liability – Failure to Train (42 U.S.C. §1983)

(Against Defendant CITY and SUPERVISORY DOES)

63.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 62 of this Complaint with the same force and effect as if fully set forth herein.

64.     Defendant MOON acted under color of law.

65.     The acts of Defendant MOON deprived Plaintiffs of their particular rights under the United States Constitution.

66.     The training policies of Defendant CITY were not adequate to train its police officers to handle the usual and recurring situations with which they must deal.

67.     Defendant CITY was deliberately indifferent to the obvious consequences of its failure to train its officers adequately.  Specifically, the CITY failed to adequately train its officers with regard to the use of unreasonable and excessive force, particularly deadly force, and the immediate need to use deadly force.

68.     The failure of Defendant CITY to provide adequate training caused the deprivation of the Plaintiffs' rights by Defendant MOON; that is, Defendant CITY's failure to train is so closely related to the deprivation of DECEDENT's and Plaintiffs' rights as to be the moving force that caused the ultimate injury.

69.     By reason of the aforementioned acts and omissions, DECEDENT suffered serious bodily injury, emotional distress, a loss of life, and a loss of earning capacity.  The aforementioned acts and omissions also caused Plaintiffs RAMIREZ, H.A., and L.A. severe emotional distress and financial loss as a result of the loss of

their father and son, Hector Alvarez.  Accordingly, Defendant CITY is liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

70.    Plaintiffs H.A. and L.A. bring this claim in each case as a successor-in-interest to the DECEDENT, and seek both survival and wrongful death damages for the violation of DECEDENT's rights.  Plaintiffs also seek funeral and burial expenses, punitive damgages, attorney's fees pursuant to 42 U.S.C. § 1988 and costs of suit.

## SEVENTH CLAIM FOR RELIEF

**Municipal Liability—Unconstitutional Custom or Policy (42 U.S.C. §1983)**

(By Plaintiffs L.A. and H.A. against Defendants CITY and SUPERVISORY DOES)

71.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 70 of this Complaint with the same force and effect as if fully set forth herein.

72.    Defendant MOON acted under color of law.

73.    Defendant MOON acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the Defendant CITY.

74.    On information and belief, Defendant MOON was not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with the shooting of DECEDENT.

75.    Defendants CITY and DOES 6-10, together with other CITY policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

      a)  Using excessive force, including excessive deadly force;

      b)  Providing inadequate training regarding the use of deadly force;

      c)  Employing and retaining as police officers individuals such as Defendant MOON, whom Defendant CITY at all times material

herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;

d) Inadequately supervising, training, controlling, assigning, and disciplining CITY police officers, and other personnel, including Defendants MOON, whom Defendant CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

e) Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by CITY police officers, including Defendant MOON;

f) Failing to adequately discipline CITY police officers for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

g) Announcing that unjustified shootings are "within policy," including shootings that were later determined in court to be unconstitutional;

h) Even where shootings are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers involved;

i) Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which police officers do not report other officers' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct

involving another officer, while following the code, the officer being questioned will claim ignorance of the other officers' wrongdoing.

j) Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of police shootings, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in shootings of unarmed people.

76.     By reason of the aforementioned acts and omissions, DECEDENT suffered serious bodily injury, emotional distress, and a loss of earning capacity.  The aforementioned acts and omissions also caused Plaintiffs to suffer emotional distress as a result of the loss of their father and son.

77.     Defendants CITY and DOES 1-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above.  Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies.  Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiffs and other individuals similarly situated.

78.     By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, MOON acted with intentional, reckless, and callous disregard for the life of DECEDENT's and Plaintiffs' constitutional rights.  Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendant CITY was affirmatively linked to and were a significantly influential force behind the injuries of DECEDENT and Plaintiffs.

79.     The aforementioned unconstitutional customs, practices, and polices, in

addition to the ratification of the deficient customs, practices, and policies, are evidenced by the number of prior shootings, which constituted excessive force, involving police officers working for the CITY OF GILROY Police Department.

80.    Plaintiffs H.A. and L.A. bring this claim in each case as a successor-in-interest to the DECEDENT, and seek both survival and wrongful death damages for the violation of DECEDENT's rights.  Plaintiff RAMIREZ brings this claim individually based on her financial dependancy on DECEDENT and seeks wrongful death damages for the violation of DECEDENT's rights.  Plaintiffs also seek funeral and burial expenses, punitive damgages, attorney's fees pursuant to 42 U.S.C. § 1988 and costs of suit.

## EIGHTH CLAIM FOR RELIEF
### False Arrest/False Imprisonment
(By All Plaintiffs against Defendant MOON)

81.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 80 of this Complaint with the same force and effect as if fully set forth herein.

82.    Defendant MOON, while working a police officer for the CITY and acting within the course and scope of his employment, intentionally deprived DECEDENT of his freedom of movement by use of force, threats of force, menace, fraud, deceit, and unreasonable duress.  Defendant MOON detained DECEDENT without reasonable suspicion and, on information and belief, arrested him without probable cause.

83.    DECEDENT did not knowingly or voluntarily consent.

84.    The conduct of Defendant MOON was a substantial factor in causing the harm to DECEDENT and Plaintiffs.

85.    Defendant CITY is vicariously liable for the wrongful acts of Defendant MOON pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

86.    The conduct of Defendant MOON was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs, entitling Plaintiffs to an award of exemplary and punitive damages.

87.    As a result of his misconduct, Defendant MOON is liable for Plaintiffs' injuries.

88.    Plaintiffs H.A. and L.A. bring this claim in each case as a successor-in-interest to the DECEDENT, and seek both survival and wrongful death damages for the violation of DECEDENT's rights.  Plaintiff RAMIREZ brings this claim individually based on her financial dependancy on DECEDENT and seeks wrongful death damages for the violation of DECEDENT's rights.  Plaintiffs also seek funeral and burial expenses, punitive damgages, attorney's fees pursuant to 42 U.S.C. § 1988 and costs of suit.

## NINTH CLAIM FOR RELIEF

### Battery (Cal. Govt. Code §820 and California Common Law)

(Wrongful Death)

(By all Plaintiffs against Defendant MOON)

89.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 88 of this Complaint with the same force and effect as if fully set forth herein.

90.    Defendant MOON, while working as a CITY Police Officer and acting within the course and scope of his duties, intentionally shot DECEDENT multiple times.  The shooting constituted the requisite "touching" element, as well as a use of

unreasonable force against DECEDENT to which DECEDENT did not consent.  As a result of the actions of Defendant MOON DECEDENT suffered severe pain and suffering and ultimately died from his injuries and lost earning capacity.  Defendant MOON had no legal justification for using force against DECEDENT, and MOON's use of force was unreasonable.

91.    As a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs have been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

92.    CITY is vicariously liable for the wrongful acts of the individual defendants pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's acts would subject him or her to liability.

93.    The conduct of Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs and DECEDENT, entitling Plaintiffs, individually, to an award of exemplary and punitive damages.

94.    Plaintiffs H.A. and L.A. bring this claim in each case as a successor-in-interest to the DECEDENT, and seek both survival and wrongful death damages for the violation of DECEDENT's rights.  Plaintiff RAMIREZ brings this claim in her individual capacity and seeks wrongful death damages. Plaintiffs also seek funeral and burial expenses, punitive damgages, attorney's fees pursuant to 42 U.S.C. § 1988 and costs of suit.

## **TENTH CLAIM FOR RELIEF**

### **Negligence (Cal. Govt. Code §820 and California Common Law)**

(Wrongful Death)

(By all Plaintiffs against all Defendants)

95.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 94 of this Complaint with the same force and effect as if fully set forth herein.

96.     Police officers, including Defendants, have a duty to use reasonable care to prevent harm or injury to others. This duty includes using appropriate tactics, giving appropriate commands, giving warnings, and not using any force unless necessary, using less than lethal options, and only using deadly force as a last resort.

97.     Defendants DOES 1-10 breached this duty of care.  Upon information and belief, the actions and inactions of Defendants MOON and DOES 1-10 were negligent and reckless, including but not limited to:

a)  the failure to properly and adequately assess the need to stop, detain, seize, arrest and/or use force or deadly force against DECEDENT;

b)  the negligent pre-shooting tactics and handling of the situation with DECEDENT;

c)  the negligent detention, arrest, and use of force, including deadly force, against DECEDENT;

d)  the failure to provide prompt medical care to DECEDENT;

e)

f)  the failure to properly train and supervise employees, both professional and non-professional, including Defendants ADAM MOON and DOES 1-10;

g) the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of scenarios that CITY Police Department officers would frequently and routinely encounter, such as this encounter with DECEDENT;

h) failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT;

i) the negligent handling of evidence and witnesses;

j) the negligent communication of information during the incident;

98.    As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died and lost his earning capacity.  Also as a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body. Plaintiffs have also been deprived of the life-long love, companionship, comfort, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

99.    CITY is vicariously liable for the wrongful acts of Defendants MOON and DOES 1-10, inclusive, pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

100.    Plaintiffs H.A. and L.A. bring this claim in each case individually and as a successor-in-interest to the DECEDENT, and seek both survival and wrongful death damages for the violation of DECEDENT's rights.  Plaintiff RAMIREZ brings this claim in her individual capacity and seeks wrongful death damages.  Plaintiffs also

seek funeral and burial expenses, attorney's fees pursuant to 42 U.S.C. § 1988 and costs of suit under this claim.

## ELEVENTH CLAIM FOR RELIEF

### Violation of Cal. Civ. Code §52.1 and California Common Law

(By all Plaintiffs against Defendants MOON)

101.   Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 100 of this Complaint with the same force and effect as if fully set forth herein.

102.   The California Civil Code, Section 52.1(b) authorizes a private right of action for damages to any person whose constitutional rights are violated.  Moreover, "a successful claim for excessive force under the Fourth Amendment provides the basis for a successful claim under § 52.1." *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105-06 (9th Cir. 2014); citing *Cameron v. Craig*, 713 F.3d 1012, 1022 (9th Cir.2013) ("[T]he elements of the excessive force claim under § 52.1 are the same as under § 1983."); *Bender v. Cnty. of L.A.*, 217 Cal. App. 4th 968, 976 (2013) ("an unlawful [seizure]—when accompanied by unnecessary, deliberate and excessive force—is [] within the protection of the Bane Act").

103.   Defendant MOON violated DECEDENT's Fourth Amendment rights to be free from unreasonable seizures when they detained him and used deadly force against him without any warning and by firing multiple rounds at him and killing him. There was no confirmation that DECEDENT had committed any crime, and MOON had no information that DECEDENT committed any crime that warranted their use of the highest level of force and most severe deprivation of liberty possible—deadly force.  At the time of the shots, DECEDENT was not threatening or attempting to harm anyone, and DECEDENT was unarmed during the entirety of this incident.

104.   The conduct of Defendant MOON was a substantial factor in causing the harm, losses, injuries, and damages of DECEDENT. As a result of the unjustified shooting, DECEDENT was caused to suffer severe pain and suffering and ultimately died for which he, through Plaintiffs H.A. and L.A., as his successors in interest, is entitled to recover survival damages.

105.   CITY is vicariously liable for the wrongful acts of Defendant MOON and pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's acts would subject him or her to liability.

106.   The conduct of Defendant MOON  was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT, entitling Plaintiffs to an award of exemplary and punitive damages.

107.   Plaintiffs H.A. and L.A. bring this claim in each case as a successor-in-interest to the DECEDENT, and seek both survival and wrongful death damages for the violation of DECEDENT's rights.  Plaintiff RAMIREZ brings this claim individually based on her financial dependancy on DECEDENT and seeks wrongful death damages for the violation of DECEDENT's rights.  Plaintiffs also seek funeral and burial expenses, punitive damgages, attorney's fees pursuant to 42 U.S.C. § 1988 and costs of suit.

## **PRAYER FOR DAMAGES**

WHEREFORE, Plaintiffs ALMA RAMIREZ, H.A. and L.A., by and  request entry of judgment in their favor and against Defendants CITY OF GILROY, ADAM MOON, and DOES 1-10, inclusive, as follows:

A. For compensatory damages, including both survival damages and wrongful death damages under federal and state law in an amount to be proven at trial;

B. For funeral and burial expenses and loss of financial support;

C. For punitive damages against the individual defendants ADAM MOON and DOES 1-10 in an amount to be proven at trial;

D. For interest;

E. For reasonable costs of this suit and attorney's fees under state and federal law;

F. For such further relief at law or equity as the Court or jury may deem just and appropriate.

DATED:   February 6, 2017          LAW OFFICES OF DALE K. GALIPO
                                   MORALES & LEANOS


                                   _____
                                              s/Dale K. Galipo
                                   Dale K. Galipo
                                   Jaime A. Leanos
                                   Attorneys for Plaintiffs

1

## **DEMAND FOR JURY TRIAL**

2

3        Plaintiffs hereby demand a trial by jury.

4

DATED:   February 6, 2017          LAW OFFICES OF DALE K. GALIPO
5                                   MORALES & LEANOS

6

7                                        s/ Dale K. Galipo

8                                   Dale K. Galipo
                                    Jaime A. Leanos
9                                   Attorneys for Plaintiffs

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28