UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALMA RAMIREZ, ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF GILROY, et al.,<br><br>Defendants. | Case No.17-cv-00625-VKD<br><br>**ORDER RE OCTOBER 30, 2018 JOINT DISCOVERY DISPUTE LETTER**<br><br>Re: Dkt. No. 50 |

Defendants City of Gilroy and Adam Moon seek to re-open fact discovery to obtain the following documents and things: (1) decedent Hector Alvarez's juvenile criminal records and the deposition of a person most knowledgeable from Santa Clara County ("the County") concerning those records, and (2) May 2015 audio recordings of telephone calls between Mr. Alvarez and Sovonnah Flores, mother of the two minor plaintiffs, while Mr. Alvarez was in jail. Dkt. No. 50 at 1. Plaintiffs Alma Ramirez and minors H.A. and L.A. argue that defendants' discovery requests are untimely and seek material that is irrelevant and unduly prejudicial. The Court finds this matter suitable for decision without a hearing.

For the reasons stated below, the Court denies defendants' motion.

**I.   BACKGROUND**

Plaintiffs filed this action on February 7, 2017. Dkt. No. 1. In the initial scheduling order, the Court required the parties to complete fact discovery by November 14, 2017. Dkt. No. 24. On October 23, 2018, the Court extended the fact discovery deadline to January 16, 2018. Dkt. No. 31. On January 3, 2018, the Court extended the fact discovery deadline a second time to February 16, 2018, in part to allow the parties to complete the depositions of key fact witnesses. Dkt. No. 33.

Pursuant to Civil Local Rule 37-3, all discovery motions were due to be filed no later than February 23, 2018, seven days after the close of fact discovery.

## II. DISCUSSION

### A. Mr. Alvarez's Juvenile Criminal Records

Defendants did not subpoena Mr. Alvarez's juvenile criminal records or seek the deposition of a County representative until December 28, 2017, only 19 days before the then-existing January 16, 2018 discovery deadline. Dkt. No. 50 at 2. In late January 2018, the County advised defendants that it could not produce the records or deponent without a state court order pursuant to California Welfare and Institutions Code § 827. *Id.*; Cal. Welf. & Inst. Code § 827(a)(2)(A) ("[J]uvenile case files . . . that pertain to a deceased child . . . shall be released to the public pursuant to an order by the juvenile court after a petition has been filed and interested parties have been afforded an opportunity to file an objection."). Defendants filed a petition for such an order pursuant to section 827 on February 6, 2018 and are still awaiting a decision. Dkt. No. 50 at 2. Defendants did not file a motion to compel the records or the deposition by the deadline for filing discovery motions.

Defendants say that they did not learn about Mr. Alvarez's juvenile records and their potential relevance to damages until after the depositions of certain party witnesses. However, defendants do not explain why they could not have discovered the existence and significance of these records before taking these party depositions, and they do not explain why they waited until the very end of the discovery period (or the extended discovery period) to take these party depositions in the first place. Defendants had nine months to conduct discovery. *Id.* at 4. Defendants were not diligent in seeking testimony concerning the juvenile records and have not otherwise demonstrated good cause for modifying the case schedule under Rule 16(b)(4) of the Federal Rules of Civil Procedure.

Even if the Court found good cause for defendants' delay in seeking this discovery, the Court is not persuaded that evidence of Mr. Alvarez's juvenile criminal records is relevant to any claim or defense in this case. Defendants argue that Mr. Alvarez's "pattern of escalating criminal behavior" would have led to significant jail or prison time had he lived, and that this incarceration

would have negatively affected his relationship with plaintiffs, thereby reducing the amount of damages they can prove. *Id.* Defendants cite no authority to support their argument that this kind of evidence is relevant to damages and the Court is aware of none. Their theory of relevance appears to be entirely speculative, and the Court has serious concerns about its admissibility for any purpose at trial, let alone to rebut plaintiffs' claim for damages.[1]

### B. Audio Recordings of Jail Calls

On December 28, 2017, defendants also subpoenaed the Santa Clara County District Attorney for documents and a deposition relating to prosecution of Mr. Alvarez. Dkt. No. 50 at 2. On February 27, 2018, defendants deposed a representative of the District Attorney and obtained some responsive documents, including a summary of the jail calls. *Id.* Defendants did not file a motion to compel production of the audio recordings by the deadline for filing discovery motions.

Defendants say that they did not become aware of the existence of the jail calls until the end of the discovery period in February 2018, and that they did not learn until March 2018 (after the close of discovery) that they could not obtain the complete audio recordings of the jail calls without a subpoena to the Santa Clara County Sheriff's Office. *Id.* at 4–5. Defendants do not explain why they waited until the end of the discovery period to seek discovery from the District Attorney, or why they delayed taking the District Attorney's deposition for nearly two months after serving the subpoena on December 28, 2017.

Even if the Court found good cause for defendants' delay in seeking this discovery, the Court is not persuaded that the audio recordings of Mr. Alvarez's telephone calls are relevant to any claim or defense. Defendants say that the audio recordings of the calls reveal that Mr. Alvarez threatened Ms. Flores. *Id.* at 4. They argue that the negative or hostile relationship between Mr. Alvarez and Ms. Flores in turn reflects on Mr. Alvarez's relationship with the minor plaintiffs. Defendants argue that these calls constitute relevant evidence rebutting plaintiffs' damages claims. Defendants cite no authority to support their argument that this kind of evidence is relevant to damages and the Court is aware of none. As with the juvenile criminal records, defendants' theory

---

[1] The Court does not decide the question of admissibility here.

3

of relevance appears to be entirely speculative, particularly given that the calls took place before the births of both minor plaintiffs. *Id.* at 7.

## III. CONCLUSION

For the reasons set forth above, the Court denies defendants' request to re-open fact discovery to obtain evidence of Mr. Alvarez's juvenile criminal records and his telephone calls from jail.

**IT IS SO ORDERED.**

Dated: November 29, 2018

VIRGINIA K. DEMARCHI
United States Magistrate Judge