LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

MORALES & LEANOS
Jaime A. Léanos, Esq. (SBN 159471)
jleanoslaw@pacbell.net
75 East Santa Clara Street, Suite 250
San Jose, CA 95113
Telephone: (408) 294-6800
Facsimile: (408) 294-7102

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALMA RAMIREZ, an individual; H.A., a minor, as successor in interest to Hector Alvarez, deceased, by and through his guardian *ad litem* Gloria Menchaca; L.A., a minor, as successor in interest to Hector Alvarez, deceased, by and through her guardian *ad litem* Gloria Menchaca,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF GILROY, ADAM MOON, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO: 5:17-cv-00625 VKD<br><br>**UNOPPOSED *EX PARTE* APPLICATION FOR APPROVAL OF COMPROMISE OF THE CLAIMS OF MINOR PLAINTIFFS H.A. AND L.A.; VERIFICATION BY GLORIA MENCHACA**<br><br>[Declaration of Renee V. Masongsong and Exhibits thereto, Proposed Order *filed concurrently herewith*] |

**TO THIS HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** Plaintiffs H.A. and L.A., by and through their guardian *ad litem*, Gloria Menchaca, individually and as successors in interest to Hector Alvarez, deceased, hereby move this Court by way of this *Ex Parte* Application for Approval of Compromise of the Claims of Minor Plaintiffs H.A. and L.A. ("Application") for an order approving the settlement of the minor plaintiffs' claims and distribution of their settlement funds.

Plaintiffs and their guardian *ad litem*, Petitioner Gloria Menchaca, make this Application pursuant to Northern District Local Rule 7-10.  The grounds for this Application are set forth in the Memorandum of Points and Authorities, which follows below, and the Declaration of Renee V. Masongsong ("Masongsong Decl."), which is submitted concurrently herewith.  Prior to filing this Application, Plaintiffs' counsel Renee V. Masongsong contacted Defendants' counsel in compliance with Local Rule 7-19 through 7-19.1.  Defendants' counsel is:

Noah Blechman, Esq.
McNamara, Ney, Beatty, Slattery, Borges & Ambacher LLP
3480 Buskirk Avenue, Suite 250
Pleasant Hill, California 94523
Tel: (925) 939-5330 | Fax: (925) 939-0203
E-Mail: noah.blechman@mcnamaralaw.com

Masongsong Decl. at ¶ 2.

Defendants and their counsel do not oppose the filing of this Application on an *ex parte* basis, nor do Defendants and their counsel oppose the substance of this Application.  Masongsong Decl. at ¶ 3.  This Application seeks approval of the compromise of Plaintiffs H.A.'s and L.A.'s ("the Minor Plaintiffs") claims on an *ex parte* basis because their guardian *ad litem*, after consulting with an annuity broker, vetting insurance companies, and reviewing proposed annuity plans, has chosen an annuity the interest rate for which is likely to expire if this petition is heard as a

regularly-noticed motion.  Masongsong Decl. at ¶ 4.  Filing this Application as a regularly-noticed motion may cause a decrease in payment benefits to the Minor Plaintiffs.  *Id.*  Accordingly, Petitioner Gloria Menchaca and the Minor Plaintiffs respectfully request that this Court consider this Application on an *ex parte* basis.  *Id.*

DATED: October 8, 2020                    LAW OFFICES OF DALE K. GALIPO

                                                                    _____

                                                                    Dale K. Galipo
                                                                    Renee V. Masongsong
                                                                    *Attorneys for Plaintiffs*
                                                                    *H.A., L.A. and Alma Ramirez*

# UNOPPOSED *EX PARTE* APPLICATION FOR APPROVAL OF COMPROMISE OF THE CLAIMS OF THE MINOR PLAINTIFFS

## I. INTRODUCTION

Plaintiffs H.A. and L.A., by and through their guardian *ad litem*, Gloria Menchaca, individually and as successors in interest to Hector Alvarez, deceased, ("the Minor Plaintiffs") hereby submit this *ex parte* application and proposed order for approval of the compromise of the claims of the Minor Plaintiffs ("Application), and request that this Honorable Court approve of the proposed distribution of the Minor Plaintiffs' funds.

The instant claims of the Minor Plaintiffs arose out of the fatal shooting of Hector Alvarez ("the decedent") on December 14, 2015, by police officers working for the City of Gilroy's Police Department. The Minor Plaintiffs are the decedent's biological children and successors in interest. In addition to the Minor Plaintiffs, the decedent's mother, Alma Ramirez is also a plaintiff in this action. The parties filed a notice of conditional settlement with this Court (Dkt. #126) on July 7, 2020.

The settlement agreement obligates Defendant City of Gilroy to pay to Plaintiffs and their attorneys of record the total sum of $1,000,000. Plaintiffs propose that it be divided as follows:

| | |
|---|---|
| H.A. and his attorneys | $ 333,333.33 |
| L.A. and her attorneys | $ 333,333.33 |
| Alma Ramirez and her attorneys | $ 333,333.33 |

Masongsong Decl. at ¶ 5.

## II. DISCUSSION

District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors. Rule 17(c) provides, in relevant part, that a district court must appoint a guardian *ad litem*—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c). In the context of proposed

settlements in suits involving minor plaintiffs, this special duty requires a district "court [to] conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Dacanay v. Mendoza,* 573 F.2d 1075, 1080 (9th Cir. 1978); *see also Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) (holding that "a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem.").

> Although the district court has a special duty to safeguard the interests of minor plaintiffs, that duty requires only that the district court determine whether the net amount distributed to each minor plaintiff in the proposed settlement is fair and reasonable, without regard to the proportion of the total settlement value designated for adult co-Plaintiffs and contracted by them with Plaintiffs' counsel. If the net recovery of each minor plaintiff under the proposed settlement is fair and reasonable, the district court should approve the settlement as proposed.

*Robidoux v. Rosengren*, 638 F.3d 1177, 1179 (9th Cir. 2011).

California Code of Civil Procedure Section 372 and California Rules of Court, Rule 3.1384 refer to the requirement of court approval and incorporate other rules requiring disclosure of various pertinent facts. California Rule of Court, rule 3.1384 provides that "[a] petition for court approval of a compromise or covenant not to sue under Code of Civil Procedure Section 372 must comply with rules 7.950, 7.951, and 7.952." Pursuant to the above California rules, the Minor Plaintiffs and their attorneys make the following disclosures:

    1.    The Petitioner is Gloria Menchaca, guardian *ad litem* for the Minor Plaintiffs. The Minor Plaintiffs and Alma Ramirez are represented by the Law Offices of Dale K. Galipo and Morales & Leanos.

    2.    Plaintiff H.A. is male. He was born in 2016. Plaintiff H.A. is the biological son of the decedent in this case, Hector Alvarez.

1       3.      Plaintiff L.A. is female.  She was born in 2015.  Plaintiff L.A. is the
2  biological daughter of the decedent.
3       4.      The nature of the Minor Plaintiffs' claims in this lawsuit is set forth in
4  the operative complaint filed in this action.  Pursuant to the settlement agreement,
5  the Minor Plaintiffs' claims will be compromised without a trial on the merits.
6  Masongsong Decl. at ¶ 6.
7       5.      the Minor Plaintiffs' damages in this case arise from (1) the injuries
8  suffered by the decedent, for which Plaintiffs H.A. and L.A. can recover damages as
9  a successor in interest; and (2) Plaintiffs H.A.'s and L.A.'s individual loss of the
10 decedent's comfort, care, companionship, training, support, and guidance.
11 Masongsong Decl. at ¶ 7.
12      6.      Medical treatment and medical billing are not relevant.  Plaintiffs H.A.
13 and L.A. have not received medical treatment in connection with this case.
14      7.      The total amount of the settlement that Defendant agrees to pay is
15 $1,000,000.  As set forth above, the Minor Plaintiffs and Alma Ramirez will each
16 take 33.33% of the $1,000,000 gross settlement amount.  In other words,
17 $333,333.33 is proposed to be distributed to H.A. and his attorneys; $ 333,333.33 is
18 proposed to be distributed to L.A. and her attorneys; $ 333,333.33 is proposed to be
19 distributed to Alma Ramirez and her attorneys.  Plaintiffs' attorneys are requesting
20 attorneys' fees in the amount of 40 percent of the $1,000,000 in gross settlement
21 proceeds.  The attorneys' fees will be split between the Law Offices of Dale K.
22 Galipo and Morales & Leanos.  Masongsong Decl. at ¶ 8.
23      8.      The contingency retainer agreements between Plaintiffs and their
24 respective attorneys provide for a 40 percent contingency fee.  The attorneys' fees
25 will be borne by Plaintiffs on a pro rata basis with their gross settlement allocation,
26 such that Plaintiffs' attorneys are requesting $133,333.33 in attorneys' fees from the
27 gross settlement proceeds allocated to H.A.; $133,333.33 in attorneys' fees from the
28 gross settlement proceeds allocated to L.A.; $133,333.33  in attorneys' fees from the

gross settlement proceeds allocated to Alma Ramirez. In other words, Plaintiffs' attorneys (the Law Offices of Dale K. Galipo and Morales & Leanos) expect to receive a combined total of $400,000 in attorneys' fees. Masongsong Decl. at ¶ 9.

9. Plaintiffs' attorneys are also requesting reimbursement of advanced litigation costs in the total amount of $26,707.46. The costs will be borne by the Plaintiffs on a pro rata basis with their gross settlement allocation, such that Plaintiffs' attorneys are requesting $8,902.49 in costs from the gross settlement proceeds allocated to H.A., $8,902.49 in costs from the gross settlement proceeds allocated to L.A., and $8,902.49 in costs from the gross settlement proceeds allocated to Alma Ramirez. Masongsong Decl. at ¶ 10.

10. Under the existing retainer agreements, Plaintiffs' attorneys are due a 40 percent attorney recovery fee, plus reimbursement of advanced litigation costs. This case involved a substantial amount of risk and time. Moreover, if Plaintiffs had prevailed at trial, then Plaintiffs' counsel would also have been entitled to significant statutory attorneys' fees. If Plaintiffs' attorneys were not awarded a significant compensatory fee in such cases, the attorneys would not be able to take such cases. In turn, plaintiffs such as H.A. and L.A. would not be able to attract competent counsel who could achieve similar results. Accordingly, Plaintiffs and their attorneys submit that Plaintiffs' attorneys are deserving of the requested 40 percent attorney recovery fee in this case. Masongsong Decl. at ¶ 11.

11. As stated above, the gross amount of the settlement is $1,000,000. The share of these proceeds apportioned for minor Plaintiff H.A. and his attorneys is $333,333.33. After deducting requested attorneys' fees of $133,333.33 and costs in the amount of $8,902.49, the total net settlement proceeds to H.A. is $191,097.51. Based on the same calculations, the total net settlement proceeds to L.A. and Alma Ramirez is also $191,097.51   Masongsong Decl. at ¶ 12.

12. It is requested that $191,097.51 be used to fund a structured settlement annuity for H.A. Attached hereto "Exhibit A" is a proposed structured settlement

annuity for H.A., which is incorporated herein by reference.  The total amount that H.A. will receive after the final payment is made from the annuity is $280,775. H.A.'s guardian *ad litem*, Gloria Menchaca, has reviewed the proposed annuity for H.A. in "Exhibit A" and believes the proposal is in the best interest of H.A. Masongsong Decl. at ¶ 13.

13.   It is requested that $191,097.51 be used to fund a structured settlement annuity for L.A. Attached hereto "Exhibit B" is a proposed structured settlement annuity for L.A., which is incorporated herein by reference.  The total amount that L.A. will receive after the final payment is made from the annuity is $272,785. L.A.'s guardian *ad litem*, Gloria Menchaca, has reviewed the proposed annuity for L.A. in "Exhibit B" and believes the proposal is in the best interest of L.A. Masongsong Decl. at ¶ 14.

14.   The moving guardian *ad litem* Gloria Menchaca has no claims against Defendants in connection with the subject incident.  Masongsong Decl. at ¶ 15.

15.   The moving guardian *ad litem* Gloria Menchaca does not have any claims against Plaintiffs H.A. or L.A. in connection with the subject incident. Masongsong Decl. at ¶ 16.

16.   California Welfare and Institutions Code Section 14124.73 does not apply. Masongsong Decl. at ¶ 17.

17.   This motion does not seek an order for payment of money to a special needs trust.  Masongsong Decl. at ¶ 18.

**Disclosures pursuant to California Rule of Court 7.951:**

1.   This petition was prepared by attorney Renee V. Masongsong (California State Bar Number 281819), of the Law Offices of Dale K. Galipo, located at 21800 Burbank Boulevard, Suite 310, Woodland Hills, California, which represents Plaintiffs H.A., L.A., and Alma Ramirez in this action.  Masongsong Decl. at ¶ 19.

2. Plaintiffs H.A.'s and L.A.'s attorneys (the Law Offices of Dale K. Galipo and Morales & Leanos) did not become concerned with this matter at the instance of any party against whom the claim of said minor is asserted. Masongsong Decl. at ¶ 20.

3. Plaintiffs H.A.'s and L.A.'s attorneys (the Law Offices of Dale K. Galipo and Morales & Leanos) are not employed by any other party or any insurance carrier involved in the matter. Masongsong Decl. at ¶ 21.

4. Plaintiffs H.A.'s and L.A.'s attorneys (the Law Offices of Dale K. Galipo) have not to date received any compensation for their services in connection herewith from any person. Masongsong Decl. at ¶ 22.

5. H.A., L.A., and Alma Ramirez are the only Plaintiffs in the above-referenced action. Plaintiffs' attorneys together (the Law Offices of Dale K. Galipo and Morales & Leanos) expect to receive $400,000 in attorneys' fees as explained above in this petition. Plaintiffs' attorneys do not expect to receive additional compensation for their services in connection herewith. Masongsong Decl. at ¶ 23.

6. Plaintiffs' attorneys accepted this engagement for a contingency fee, plus reimbursement for any costs advanced. The retainer agreement provides for a 40 percent attorney fee if any recovery is made on the case. Masongsong Decl. at ¶ 24.

**Petitioners' endorsement:**

Petitioner has made a careful and diligent inquiry and investigation to ascertain the facts relating to the incident giving rise to the Minor Plaintiffs' claims, the parties responsible for the incident, and the nature, extent and seriousness of the Minor Plaintiffs' claims. Petitioner further understands that if the compromise proposed in this petition is approved by the Court and is consummated, Plaintiffs H.A. and L.A. will be forever barred from seeking any further recovery of compensation even though the Minor Plaintiffs' injuries and losses might in the future appear to be more serious than they are now thought to be. Petitioner Ms.

Menchaca is informed and believes that Plaintiffs H.A. and L.A. have made sufficient recovery from the effects of their injuries and losses so as to justify the resolution of this matter in accordance with the terms of the settlement agreement. Petitioner recommends the compromise and the proposed distribution to Plaintiffs H.A. and L.A. to the Court as being fair, reasonable, and in the best interest of the Minor Plaintiffs and requests that the Court approve this compromise settlement and make such other and further orders as may be just and reasonable. Accordingly, Petitioner Ms. Menchaca, guardian *ad litem* for minor Plaintiffs H.A. and L.A., requests that this Honorable Court enter the proposed annuities attached to the Declaration of Renee V. Masongsong as "Exhibit A" and "Exhibit B" for Plaintiffs H.A. and L.A., respectively.

### III.  CONCLUSION

For the reasons above, Petitioner Gloria Menchaca on behalf of the Minor Plaintiffs H.A. and L.A. respectfully submit that this Court should enter the proposed order submitted concurrently herewith.

Respectfully submitted,

DATED: October 8, 2020         LAW OFFICES OF DALE K. GALIPO

                                /s/ Renee V. Masongsong
                               _____
                               Dale K. Galipo
                               Renee V. Masongsong
                               *Attorneys for Plaintiffs,*
                               *H.A., L.A., and Alma Ramirez*

**VERIFICATION BY MINOR'S GUARDIAN**

I declare under penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct.

Executed on this 6 day of October, 2020, at San Jose, California.

*/s/ Gloria Menchaca*

Gloria Menchaca

-1-
Case No. 5:17-cv-00625-VKD
VERIFICATION BY GLORIA MENCHACA AS GUARDIAN AD LITEM FOR MINOR PLAINTIFFS H.A. AND L.A