UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALMA RAMIREZ, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>CITY OF GILROY, et al.,<br><br>　　　　Defendants. | Case No. 17-cv-00625-VKD<br><br>**ORDER RE MOTION FOR MINOR'S COMPROMISE**<br><br>Re: Dkt. No. 138 |

　　　　In this civil rights action, minor plaintiffs H.A. and L.A., by and through their guardian ad litem, Gloria Menchaca, ask the Court to approve their settlement with defendants the City of Gilroy and Gilroy police officer Adam Moon. Dkt. No. 138. Defendants do not oppose plaintiffs' motion for approval of the minors' compromise. Dkt. No. 137. Upon consideration of the motion and supporting papers, the Court grants the motion, finding that the settlement is fair and reasonable.[1]

　　　　This case arises out of the death of Hector Alvarez, the father of H.A. and L.A. Mr. Alvarez's mother, Alma Ramirez, is also a plaintiff in this action. Plaintiffs asserted the following claims against Officer Moon only: (1) use of excessive force in violation of the Fourth Amendment (42 U.S.C. § 1983), and (2) violation of substantive due process and deprivation of right to familial relations in violation of the Fourteenth Amendment (42 U.S.C. § 1983). Dkt. No. 1. Plaintiffs asserted the following claims against Officer Moon and the City of Gilroy: (3) battery, (4) negligence, and (5) violation of the Bane Act, California Civil Code § 52.1. *Id.*; *see*

---

[1] All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by a magistrate judge. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; Dkt. Nos. 14, 16.

*also* Dkt. No. 34.

Plaintiffs have not provided the Court with the underlying settlement agreement, but they represent that they have agreed to settle all claims for a total of $1,000,000 paid to all three plaintiffs. Dkt. Nos. 126, 138. The $1,000,000 settlement is to be apportioned in three equal parts as follows: $333,333.33 to H.A., $333,333.33 to L.A., and $333,333.33 to Ms. Ramirez. Dkt. No. 138 at 4, 6. Additionally, pursuant to the plaintiffs' retainer agreement, plaintiffs' counsel seek 40% of each plaintiff's share of the proceeds on a pro rata basis with their gross settlement allocation, such that counsel will receive $133,333.33 from each plaintiff's share. *Id.* at 6–7. Plaintiff's counsel also request reimbursement of litigation costs pursuant to the retainer agreement, which counsel avers amounts to $26,707.46. *Id.* at 7. Costs are to be allocated on a pro rata basis, such that counsel will receive $8,902.49 from each plaintiff's share. *Id.* In sum, after deduction of fees and costs, each plaintiff will receive the following net settlement: $191,097.51 to H.A. in a structured annuity; $191,097.51 to L.A. in a structured annuity; and $191,097.51 to Ms. Ramirez. *Id.* at 7. H.A. and L.A. will receive payments when they are 25, 27, and 30 years old. *See* Dkt. No. 138-1, Exs. A, B. The total amount that H.A. will receive after the final payment is made from the annuity is $280,775. *Id.* ¶ 13, Ex. A. The total amount that L.A. will receive after the final payment is made from the annuity is $272,785. *Id.* ¶ 14, Ex. B.

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Id.* (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir.1978)). "In other words, in this context, the fairness determination is an independent, not a comparative inquiry." *Id.* at 1182. Thus, courts must "focus[] on the net recovery of the minor plaintiffs under the proposed agreement," and "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Id.* at 1181–82. "Most importantly, the district court should evaluate the fairness

of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Id*. at 1182. Although the Ninth Circuit expressly limited its holding in *Robidoux* to cases involving the settlement of a minor's federal claims, *see id.* at 1179 n.2, courts in this district have applied the *Robidoux* standard in cases involving the settlement of both federal and state claims. *See J.R. by and through Ringer v. Lakeport Unified Sch. Dist*. No. C18-06211 WHA, 2019 WL 6219034, at *2 (N.D. Cal. Nov. 21, 2019) (citing cases).

As noted above, attorneys' fees and costs will be deducted equally from each plaintiff's share. Although plaintiffs have not cited the recovery obtained by claimants in any similar cases, the Court finds that the proposed settlement amounts for H.A. and L.A. are commensurate with, or greater than, recovery obtained in analogous cases. *See, e.g.*, *A.G.A. v. Cty. of Riverside*, No. EDCV1900077VAPSPX, 2019 WL 2871160 (C.D. Cal. Apr. 26, 2019) (approving settlement of $50,000 minus $257.50 in costs and 25% in attorneys' fees to be deducted equally from both minor plaintiffs, leaving $18,653.44 total for each minor plaintiff in action concerning wrongful death and unreasonable search and seizure of minor plaintiffs' father); *Garlick v. Cty. of Kern*, No. 113CV01051LJOJLT, 2016 WL 4087057 (E.D. Cal. Aug. 2, 2016), *report and recommendation adopted*, No. 113CV01051LJOJLT, 2016 WL 4445852 (E.D. Cal. Aug. 22, 2016) (approving settlement of $132,000 to minor plaintiff after accounting for $45,000 in attorneys' fees and costs in the amount of $2,866.30 in action concerning wrongful death, unlawful arrest, and excessive force against minor plaintiff's father); *E.S. v. City of Visalia*, No. 1:13-v-1697-LJO-BAM, 2015 WL 6956837 (E.D. Cal. Nov. 3, 2015) (approving a minor's compromise for net payment of $130,444.83 in action involving the shooting and killing of minor plaintiff's father).

As for the proposed annuities structured to be paid in increments after H.A. and L.A. each reach 25 years of age, other courts have determined that such arrangements are preferable to those resulting in a lump sum payment. *See, e.g.*, *McCue v. South Fork Union Sch. Dist.*, No. 1:10-cv-00233-LJO-MJS, 2012 WL 2995666, at *4 n.1 (E.D. Cal. July 23, 2012) (noting that "lump sum payments generally are thought unwise based upon the belief that most recipients immediately squander their new-found riches"). Plaintiffs state that their grandmother and guardian ad litem,

3

Ms. Menchaca, has reviewed and approved the distribution of the proceeds. Dkt. No. 137 at 8, 9–10. The Court has been given no reason to question plaintiffs' decision as to the chosen structured annuity and does not substitute its judgment for that of plaintiffs or their counsel.

Based on the foregoing, plaintiffs' unopposed motion for approval of minors' compromise is granted. By **October 16, 2020**, the parties shall file a joint status report stating when they anticipate filing a stipulation for dismissal.

**IT IS SO ORDERED.**

Dated: October 9, 2020

VIRGINIA K. DEMARCHI
United States Magistrate Judge